# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| ADAM FRANCHI, Individually and On Behalf of All Others Similarly Situated, ) ) ) Plaintiff, ) ) v. ) ) MGC DIAGNOSTICS CORPORATION, ) MARK W. SHEFFERT, JOHN R. ) BAUDHUIN, WENDY D. LYNCH, ) ROBERT E. MUNZENRIDER, HENDRIK ) STRUIK, TERRENCE W. BUNGE, MGC ) PARENT LLC, AC BREATHE MERGER ) SUB INC., and ALTUS CAPITAL ) PARTNERS, INC., ) ) Defendants. ) | Case No. _____ JURY TRIAL DEMANDED <u>CLASS ACTION</u> |

## **COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934**

Plaintiff, by his undersigned attorneys, for this complaint against defendants, alleges upon personal knowledge with respect to himself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

## **NATURE OF THE ACTION**

1. This action stems from a proposed transaction announced on November 27, 2017 (the "Proposed Transaction"), pursuant to which MGC Diagnostics Corporation ("MGC" or the "Company") will be acquired by Altus Capital Partners, Inc. ("Altus CP") and its affiliates.

2. On November 25, 2017, MGC's Board of Directors (the "Board" or "Individual Defendants") caused the Company to enter into an agreement and plan of merger (the "Merger Agreement") with MGC Parent LLC ("Parent") and AC Breathe Merger Sub Inc. ("Merger Sub," and together with Altus CP and Parent, "Altus"). Pursuant to the terms of the Merger Agreement, Altus commenced a tender offer, set to expire on December 27, 2017, and shareholders of MGC

will receive $11.03 in cash for each share of MGC common stock.

3.  On December 7, 2017, defendants filed a Solicitation/Recommendation Statement (the "Solicitation Statement") with the United States Securities and Exchange Commission ("SEC") in connection with the Proposed Transaction.

4.  The Solicitation Statement omits material information with respect to the Proposed Transaction, which renders the Solicitation Statement false and misleading. Accordingly, plaintiff alleges herein that defendants violated Sections 14(e), 14(d), and 20(a) of the Securities Exchange Act of 1934 (the "1934 Act") in connection with the Solicitation Statement.

**JURISDICTION AND VENUE**

5.  This Court has jurisdiction over all claims asserted herein pursuant to Section 27 of the 1934 Act because the claims asserted herein arise under Sections 14(e), 14(d), and 20(a) of the 1934 Act and Rule 14a-9.

6.  This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7.  Venue is proper under 28 U.S.C. § 1391 because a substantial portion of the transactions and wrongs complained of herein occurred in this District.

**PARTIES**

8.  Plaintiff is, and has been continuously throughout all times relevant hereto, the owner of MGC common stock.

9.  Defendant MGC is a Minnesota corporation and maintains its principal executive offices at 350 Oak Grove Parkway, Saint Paul, Minnesota 55127. MGC's common stock is traded

2

on the NasdaqCM under the ticker symbol "MGCD."

10. Defendant Mark W. Sheffert ("Sheffert") is a director and Chairman of the Board of MGC.

11. Defendant John R. Baudhuin ("Baudhuin") is a director of MGC.

12. Defendant Wendy D. Lynch ("Lynch") is a director of MGC.

13. Defendant Robert E. Munzenrider ("Munzenrider") is a director of MGC.

14. Defendant Hendrik Struik ("Struik") is a director of MGC.

15. Defendant Terrence W. Bunge ("Bunge") is a director of MGC.

16. The defendants identified in paragraphs 10 through 15 are collectively referred to herein as the "Individual Defendants."

17. Defendant Parent is a Delaware limited liability company and a party to the Merger Agreement.

18. Defendant Merger Sub is a Minnesota corporation, a wholly-owned subsidiary of Parent, and a party to the Merger Agreement.

19. Defendants Altus CP is a Delaware corporation. Parent and Merger Sub are affiliates of Altus CP.

**CLASS ACTION ALLEGATIONS**

20. Plaintiff brings this action as a class action on behalf of himself and the other public stockholders of MGC (the "Class"). Excluded from the Class are defendants herein and any person, firm, trust, corporation, or other entity related to or affiliated with any defendant.

21. This action is properly maintainable as a class action.

22. The Class is so numerous that joinder of all members is impracticable. As of November 25, 2017, there were approximately 4,413,190 shares of MGC common stock

3

outstanding, held by hundreds, if not thousands, of individuals and entities scattered throughout the country.

23. Questions of law and fact are common to the Class, including, among others, whether defendants will irreparably harm plaintiff and the other members of the Class if defendants' conduct complained of herein continues.

24. Plaintiff is committed to prosecuting this action and has retained competent counsel experienced in litigation of this nature. Plaintiff's claims are typical of the claims of the other members of the Class and plaintiff has the same interests as the other members of the Class. Accordingly, plaintiff is an adequate representative of the Class and will fairly and adequately protect the interests of the Class.

25. The prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for defendants, or adjudications that would, as a practical matter, be dispositive of the interests of individual members of the Class who are not parties to the adjudications or would substantially impair or impede those non-party Class members' ability to protect their interests.

26. Defendants have acted, or refused to act, on grounds generally applicable to the Class as a whole, and are causing injury to the entire Class. Therefore, final injunctive relief on behalf of the Class is appropriate.

**SUBSTANTIVE ALLEGATIONS**

27. MGC is a global medical technology company dedicated to cardiorespiratory health solutions.

28. The Company, through its Medical Graphics Corporation and Medisoft SA subsidiaries, develops, manufactures, and markets non-invasive diagnostic systems. This portfolio

of products provides solutions for disease detection, integrated care, and wellness across the spectrum of cardiorespiratory healthcare.

29. The Company's products are sold internationally through distributors and, in the United States, France and Belgium, primarily through a direct sales force targeting heart and lung specialists located in hospitals, university-based medical centers, medical clinics, physicians' offices, pharmaceutical companies, medical device manufacturers, and clinical research organizations.

30. On November 25, 2017, the Individual Defendants caused the Company to enter into the Merger Agreement with Altus.

31. Pursuant to the terms of the Merger Agreement, Altus commenced a tender offer, set to expire on December 27, 2017, and shareholders of MGC will receive $11.03 in cash for each share of MGC common stock.

32. On December 7, 2017, defendants filed the Solicitation Statement with the SEC in connection with the Proposed Transaction.

33. The Solicitation Statement omits material information with respect to the Proposed Transaction, which renders the Solicitation Statement false and misleading.

34. First, the Solicitation Statement omits material information regarding the analyses performed by the Company's financial advisor, Craig-Hallum Capital Group, LLC ("Craig-Hallum"), in support of its "fairness opinion."

35. When a banker's endorsement of the fairness of a transaction is touted to shareholders, the valuation methods used to arrive at that opinion as well as the key inputs and range of ultimate values generated by those analyses must also be fairly disclosed.

36. With respect to Craig-Hallum's Discounted Cash Flow Analysis, the Solicitation

Statement fails to disclose: (i) the Company's tax savings attributable to federal net operating losses; (ii) the terminal value of the Company; and (iii) the inputs and assumptions underlying the terminal growth rates ranging from 2.0% to 4.0% and discount rates ranging from 14.0% to 22.0%.

37. With respect to Craig-Hallum's Comparable Public Companies Analysis, the Solicitation Statement fails to disclose the individual multiples and financial metrics for the companies observed by Craig-Hallum in the analysis.

38. With respect to Craig-Hallum's Precedent M&A Transaction Analysis, the Solicitation Statement fails to disclose the individual multiples and financial metrics for the transactions observed by Craig-Hallum in the analysis.

39. With respect to Craig-Hallum's Premiums Paid Analysis, the Solicitation Statement fails to disclose the transactions observed by Craig-Hallum in the analysis and the premiums paid in such transactions.

40. Second, the Solicitation Statement omits material information regarding potential conflicts of interest of Craig-Hallum.

41. Specifically, the Solicitation Statement fails to disclose the past services provided by Craig-Hallum to MGC, as well as the amount of compensation received for such services.

42. Additionally, the Solicitation Statement fails to disclose whether Craig-Hallum has provided past services to Altus and/or its affiliates, as well as the amount of compensation received for any such services.

43. Full disclosure of investment banker compensation and all potential conflicts is required due to the central role played by investment banks in the evaluation, exploration, selection, and implementation of strategic alternatives.

44. Third, the Solicitation Statement fails to disclose whether any confidentiality

agreements executed by the Company and the prospective bidders contained standstill and/or "don't ask, don't waive" provisions that are or were preventing those counterparties from submitting superior offers to acquire the Company.

45. Without this information, stockholders may have the mistaken belief that, if these potentially interested parties wished to come forward with a superior offer, they are or were permitted to do so, when in fact they are or were contractually prohibited from doing so.

46. Fourth, the Solicitation Statement omits material information regarding potential conflicts of interest of the Company's officers and directors.

47. Specifically, the Solicitation Statement fails to disclose the timing and nature of all communications regarding future employment and directorship of the Company's officers and directors, including who participated in all such communications.

48. Communications regarding post-transaction employment during the negotiation of the underlying transaction must be disclosed to stockholders. This information is necessary for stockholders to understand potential conflicts of interest of management and the Board, as that information provides illumination concerning motivations that would prevent fiduciaries from acting solely in the best interests of the Company's stockholders.

49. The Solicitation Statement also fails to disclose the timing and nature of all communications regarding the post-merger equity rollover arrangements between Altus and certain of the Company's officers, including Todd S. Austin and Matthew S. Margolies, including who participated in all such communications.

50. Fifth, the Solicitation Statement omits material information regarding the background of the Proposed Transaction. The Company's stockholders are entitled to an accurate description of the "process" the directors used in coming to their decision to support the Proposed

Transaction.

51. For example, the Solicitation Statement fails to disclose the members and authority of the "Special Committee" formed by the Company in or around January 2017.

52. The omission of the above-referenced material information renders the Solicitation Statement false and misleading, including, *inter alia*, the following section of the Solicitation Statement: The Solicitation or Recommendation.

53. The above-referenced omitted information, if disclosed, would significantly alter the total mix of information available to MGC's stockholders.

## COUNT I

**(Claim for Violation of Section 14(e) of the 1934 Act Against Defendants)**

54. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

55. Section 14(e) of the 1934 Act states, in relevant part, that:

It shall be unlawful for any person to make any untrue statement of a material fact or omit to state any material fact necessary in order to make the statements made, in the light of the circumstances under which they are made, not misleading . . . in connection with any tender offer or request or invitation for tenders[.]

56. Defendants disseminated the misleading Solicitation Statement, which contained statements that, in violation of Section 14(e) of the 1934 Act, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not misleading.

57. The Solicitation Statement was prepared, reviewed, and/or disseminated by defendants.

58. The Solicitation Statement misrepresented and/or omitted material facts in connection with the Proposed Transaction as set forth above.

59. By virtue of their positions within the Company and/or roles in the process and the

preparation of the Solicitation Statement, defendants were aware of this information and their duty to disclose this information in the Solicitation Statement.

60. The omissions in the Solicitation Statement are material in that a reasonable shareholder will consider them important in deciding whether to tender their shares in connection with the Proposed Transaction. In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available.

61. Defendants knowingly or with deliberate recklessness omitted the material information identified above in the Solicitation Statement, causing statements therein to be materially incomplete and misleading.

62. By reason of the foregoing, defendants violated Section 14(e) of the 1934 Act.

63. Because of the false and misleading statements in the Solicitation Statement, plaintiff and the Class are threatened with irreparable harm.

64. Plaintiff and the Class have no adequate remedy at law.

## COUNT II

**(Claim for Violation of 14(d) of the 1934 Act Against Defendants)**

65. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

66. Section 14(d)(4) of the 1934 Act states:

Any solicitation or recommendation to the holders of such a security to accept or reject a tender offer or request or invitation for tenders shall be made in accordance with such rules and regulations as the Commission may prescribe as necessary or appropriate in the public interest or for the protection of investors.

67. Rule 14d-9(d) states, in relevant part:

Any solicitation or recommendation to holders of a class of securities referred to in section 14(d)(1) of the Act with respect to a tender offer for such securities shall include the name of the person making such solicitation or recommendation and the information required by Items 1 through 8 of Schedule 14D-9 (§ 240.14d-101) or a fair and adequate summary thereof[.]

Item 8 requires that directors must "furnish such additional information, if any, as may be necessary to make the required statements, in light of the circumstances under which they are made, not materially misleading."

68. The Solicitation Statement violates Section 14(d)(4) and Rule 14d-9 because it omits the material facts set forth above, which renders the Solicitation Statement false and/or misleading.

69. Defendants knowingly or with deliberate recklessness omitted the material information set forth above, causing statements therein to be materially incomplete and misleading.

70. The omissions in the Solicitation Statement are material to plaintiff and the Class, and they will be deprived of their entitlement to make a fully informed decision with respect to the Proposed Transaction if such misrepresentations and omissions are not corrected prior to the expiration of the tender offer.

71. Plaintiff and the Class have no adequate remedy at law.

## COUNT III

**(Claim for Violation of Section 20(a) of the 1934 Act
Against the Individual Defendants and Altus)**

72. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

73. The Individual Defendants and Altus acted as controlling persons of MGC within the meaning of Section 20(a) of the 1934 Act as alleged herein. By virtue of their positions as officers and/or directors of MGC and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Solicitation Statement filed with the SEC, they had the power to influence and control and did influence and

control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that plaintiff contends are false and misleading.

74. Each of the Individual Defendants and Altus was provided with or had unlimited access to copies of the Solicitation Statement alleged by plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

75. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same. The Solicitation Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction. They were thus directly connected with and involved in the making of the Solicitation Statement.

76. Altus also had direct supervisory control over the composition of the Solicitation Statement and the information disclosed therein, as well as the information that was omitted and/or misrepresented in the Solicitation Statement.

77. By virtue of the foregoing, the Individual Defendants and Altus violated Section 20(a) of the 1934 Act.

78. As set forth above, the Individual Defendants and Altus had the ability to exercise control over and did control a person or persons who have each violated Section 14(e) of the 1934 Act and Rule 14a-9, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the 1934 Act.

79. As a direct and proximate result of defendants' conduct, plaintiff and the Class are threatened with irreparable harm.

80. Plaintiff and the Class have no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for judgment and relief as follows:

A. Enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction;

B. In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages;

C. Directing the Individual Defendants to file a Solicitation Statement that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

D. Declaring that defendants violated Sections 14(e), 14(d), and 20(a) of the 1934 Act, as well as Rule 14a-9 promulgated thereunder;

E. Awarding plaintiff the costs of this action, including reasonable allowance for plaintiff's attorneys' and experts' fees; and

F. Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury.

Dated: December 12, 2017

**OF COUNSEL:**

**RIGRODSKY & LONG, P.A.**
Brian D. Long
Gina M. Serra
2 Righter Parkway, Suite 120
Wilmington, DE 19803
Telephone: (302) 295-5310
Emails: bdl@rl-legal.com
gms@rl-legal.com

**RM LAW, P.C.**
Richard A. Maniskas
1055 Westlakes Drive, Suite 3112
Berwyn, PA 19312
Telephone: (484) 324-6800
Email: rm@maniskas.com

*Attorneys for Plaintiff*

**ALTMAN & IZEK**

By: *s/ Adam Altman*
Adam Altman
Douglas B. Altman
901 North Third Street, Suite 140
Minneapolis, MN 55401
Telephone: (612) 335-3700
E-mail: adam@altmanizek.com

*Local Counsel for Plaintiff*

13

# CERTIFICATION OF PLAINTIFF

I, Adam Franchi ("Plaintiff"), hereby declare as to the claims asserted under the federal securities laws that:

1. Plaintiff has reviewed the complaint and authorizes its filing.

2. Plaintiff did not purchase the security that is the subject of this action at the direction of Plaintiff's counsel or in order to participate in any private action.

3. Plaintiff is willing to serve as a representative party on behalf of the class, either individually or as part of a group, and I will testify at deposition or trial, if necessary. I understand that this is not a claim form and that I do not need to execute this Certification to share in any recovery as a member of the class.

4. Plaintiff's purchase and sale transactions in the MGC Diagnostics Corporation (NasdaqCM: MGCD) security that is the subject of this action during the class period is/are as follows:

PURCHASES

| Buy Date | Shares | Price per Share |
|---|---|---|
| 3/28/17 | 100 | $8.47 |
|  |  |  |
|  |  |  |
|  |  |  |

SALES

| Sell Date | Shares | Price per Share |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

*Please list additional transactions on separate sheet of paper, if necessary.*

5. Plaintiff has complete authority to bring a suit to recover for investment losses on behalf of purchasers of the subject securities described herein (including Plaintiff, any co-owners, any corporations or other entities, and/or any beneficial owners).

6. During the three years prior to the date of this Certification, Plaintiff has not moved to serve as a representative party for a class in an action filed under the federal securities laws.

7. Plaintiff will not accept any payment for serving as a representative party on behalf of the class beyond Plaintiff's *pro rata* share of any recovery, except such reasonable costs and expenses (including lost wages) directly relating to the representation of the class as ordered or approved by the Court.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 7th day of December, 2017.

Adam Franchi